IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02208-ZLW

MOHAMED OSMAN FARAY,

    Plaintiff,

v.

GENELEX CORPORATION,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
                 CLERK

---

ORDER CONSTRUING LETTER AS A
MOTION TO RECONSIDER AND DENYING MOTION

---

On November 30, 2010, Plaintiff Mohamed Osman Faray submitted a Letter to the Court. The Court must construe the Letter liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, therefore, will treat the Letter as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). For the reasons stated below the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it

is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Plaintiff's Motion was filed over twenty-eight days after the Court's Order of Dismissal was entered on October 18, 2010. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the Court finds that Plaintiff has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b). Plaintiff is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses. Accordingly, it is

ORDERED that the Letter (Doc. No. 9) filed on November 30, 2010, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02208-ZLW

Mohamed Osman Faray
PO Box 461172
Glendale, CO 80246

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/8/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk